**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:26CV-P572-CRS**

**JEREMY SCOTT POILES** **PLAINTIFF**

**v.**

**ALENA ALLEN *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Scott Poiles, an inmate at Coleman Federal Correctional Complex (FCC), filed the instant action proceeding *pro se*. Plaintiff has filed a complaint (DN 1), two filings docketed as an amended complaint (DNs 11 and 19), and a second amended complaint (DN 14). This matter is before the Court upon an initial review pursuant to 28 U.S.C. § 1915A of the complaint and amendments. Upon review, the Court will dismiss Plaintiff's claims for the reasons stated herein.

### I.

The original complaint and each of the amendments allege the same set of facts which stem from the handling of the estate of Plaintiff's mother Freda Jeanene Poiles. In his filings, Plaintiff sues Alena Allen, his aunt and the executrix of his mother's estate; Russell Wilkey, an attorney; Cecilia Griswold, Plaintiff's former fiancée; Matthew Tierney, an attorney; and Jennifer Coleman, a Daviess County court clerk. The Court will summarize the facts alleged as follows.

Plaintiff's mother died in 2025 while he was incarcerated. He states that he is the sole beneficiary of his mother's estate, which is currently being probated in Daviess District Court. *See* Daviess District Court Case No. 25-P-681. He maintains that his mother's estate includes proceeds from a wrongful death settlement totaling $116,000. He alleges that Defendants conspired together to deprive him of some or all of those funds. He states that on May 13, 2026,

Griswold coordinated with a federal inmate in Coleman FCC to plant contraband on Plaintiff resulting in his placement in solitary confinement for 50 days until July 2, 2026. He states that he could not communicate with anyone while in solitary confinement and asserts that during this time Allen, Wilkey, Tierney, and Griswold conspired to draft a fraudulent power of attorney document for him, which resulted in funds from the settlement proceeds being diverted without his consent. He also states that Coleman and a non-Defendant judge refused to provide him with probate court filings for over two months.

Plaintiff captions the original complaint (DN 1) as a criminal complaint listing Defendants as Allen, Wilkey, and Griswold. He asserts criminal claims against each of them for mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, bank fraud under 18 U.S.C. § 1344, and aggravated identity theft under 18 U.S.C. § 1028A.

In his first filing docketed as amended complaint (DN 11), Plaintiff sues Allen, Wilkey, Griswold, and Tierney. Therein he states that this Court has jurisdiction based on a federal question. He alleges claims under the civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and asserts claims for mail and wire fraud under 18 U.S.C. §§ 1341 and 1343.

Plaintiff's next filing, docketed as a second amended complaint (DN 14), is filed on the Court's approved form for filing a 42 U.S.C. § 1983 action. He lists Defendants as Tierney, Wilkey, Allen, Coleman, and Griswold. He states that he is suing them for deprivation of property without due process in violation of the Fourteenth Amendment; violation of his right of access to courts and retaliation in violation of the First Amendment; and violation of RICO. He also alleges claims for civil conversion, common law fraud, breach of fiduciary duty, civil conspiracy, and tortious interference with expected inheritance.

The second filing docketed as an amended complaint (DN 19)[1] was initially filed as a complaint in a separate action and was consolidated with this action (DN 18). Plaintiff lists Defendants as Allen, Wilkey, Griswold, and Tierney. He states that he is bringing claims under RICO and for federal mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 and aggravated identify theft under 18 U.S.C. § 1028A.

As relief, Plaintiff seeks compensatory and punitive damages, including treble damages under RICO, preservation and unsealing of probate court records, preservation of assets, an audit of the estate, and referral of Defendants for criminal investigation and prosecution.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

[1] This filing contains an attached complaint which reiterates the same allegations.

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

***A. Criminal claims***

Plaintiff alleges violations of criminal statutes and seeks to bring criminal charges against Defendants. However, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). A district court has no authority to order a criminal investigation or prosecution, nor cannot it do so itself. *Kuilan v. Zimmerman*, No. 22-5331, 2022 U.S. App. LEXIS 29631, at *2 (6th Cir. Oct. 24, 2022); *see also United States v. Trevino*, 7 F.4th 414, 421 (6th Cir. 2021) ("'[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.'") (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Accordingly, Plaintiff's claims alleging violations of criminal statutes against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

***B. RICO claims***

To state a civil federal RICO claim, a plaintiff must establish the following elements: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Johnson v. Pennymac Loan Servs., LLC*, No. 3:23-cv-00875, 2024 U.S. Dist. LEXIS 90098, at *35 (M.D. Tenn. May 20, 2024) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir.

2006)). A plaintiff must allege that defendants "engaged in a 'pattern of racketeering activity' consisting of at least two predicate acts of racketeering activity occurring with a ten-year period." *Moon*, 465 F.3d at 723 (quoting 18 U.S.C. § 1961(5)).

> Two or more predicate acts are the 'minimum necessary condition for the existence of such a pattern' of racketeering activity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237 . . . (1989). However, courts have required plaintiffs to plead more than just the existence of at least two predicate acts. The Supreme Court stated Congress "intend[ed] a more stringent requirement than proof simply of two predicates, but [it] also envision[ed] a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that were related and that amounted to, or threatened the likelihood of, continued criminal activity." *Id*. The predicate acts must relate to each other such that they have 'the same or similar purposes, results, participants, [or] victims . . . .' *Id*. at 240; *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 409 (6th Cir. 2012).

*Stratton v. Highland Cnty*., No. 1:24-cv-444, 2025 U.S. Dist. LEXIS 29427, at *9-10 (S.D. Ohio Feb. 19, 2025).

"[C]ourts in the Sixth Circuit have repeatedly held that a single scheme targeting a single victim is inadequate to constitute a racketeering pattern." *Id.* at *11 (collecting cases). Allegations that "a defendant who engages in several different forms of fraud for a single purpose, to defraud a single victim" through activities surrounding one enterprise fails to state a RICO claim. *Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994) (finding no continuity to support a RICO claim where the plaintiff alleged a single, 17-month scheme to drive a single victim out of business); s*ee also, e.g.*, *Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 918 (6th Cir. 2020) (finding that a single scheme to deny marital assets to a single victim during divorce proceedings is not a RICO pattern); *Moon*, 465 F.3d at 725 (finding that a single scheme lasting two and a half years to deprive workers' compensation benefits to one person does not support a RICO claim); *Vild v. Visconsi*, 956 F.2d 560, 569-70 (6th Cir. 1992) (finding no continuity to support a RICO claim where the plaintiff alleged a single, six-month scheme against a single victim); *Cyr v. Fred Battah*

*Real Value Prods., LLC*, No. 22-10290, 2023 U.S. Dist. LEXIS 20450, at *8 (E.D. Mich. Feb. 7, 2023) (stating that "a scheme involving a single objective to defraud a single victim" does not support a RICO claim); *Percival v. Girard*, 692 F. Supp. 2d 712, 723 (E.D. Mich. 2010) (finding that a single scheme to deprive a single victim of rights under a settlement agreement does not state a RICO pattern).

Plaintiff's allegations amount to a claim that Defendants engaged in a scheme to deprive a single victim of the proceeds of an estate, which is not sufficient to allege a pattern of racketeering activity to give rise to a RICO claim. Therefore, the RICO claims against all Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### *C. 42 U.S.C. § 1983 claims*

Plaintiff's claims for violation of the First and Fourteenth Amendment must be brought under § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### *1. Wilkey and Tierney*

Plaintiff cannot assert a § 1983 claim against Wilkey or Tierney because "[p]rivate attorneys are not considered to be state actors for purposes of § 1983." *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981));

*see also Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's § 1983 claims against Wilkey and Tierney must be dismissed for failure to state a claim upon which relief may be granted.

*2. Coleman*

Plaintiff's § 1983 against Colemen, a Daviess County court clerk, based on her alleged failure to send him documents must also be dismissed. "Absolute judicial immunity is extended to non-judicial officers who perform 'quasi-judicial' duties." *MacArthur v. Eaton Cnty. 56A Dist. Ct.*, No. 1:21-CV-775, 2021 U.S. Dist. LEXIS 193592, at *6 (W.D. Mich. Oct. 7, 2021). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court). A court clerk or a clerk's office employee "who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages." *McGee v. United States*, No. 1:10-CV-521, 2010 U.S. Dist. LEXIS 91864, at *6 (S.D. Ohio Aug. 12, 2010) (citing *Gallagher v. Lane*, 75 F. App'x 440, 441 (6th Cir. 2003)). "'When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.'" *McGee*, 2010 U.S. Dist. LEXIS 91864, at *6 (quoting *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (per curiam) (citing *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987))). Thus, because Plaintiff's allegations stem from actions and functions "related to the judicial process and fall squarely within the scope of . . . quasi-judicial immunity," *McGee*, 2010 U.S. Dist. LEXIS 91864, at *8, Coleman is entitled to absolute quasi-judicial immunity.

Therefore, Plaintiff's claims against her must be dismissed for seeking monetary relief against a defendant who is immune from such relief.

*3. Allen and Griswold*

Plaintiff's § 1983 claim against Allen, his aunt, and Griswold, his former fiancée, must be dismissed because they are private individuals and were not acting under color of state law. Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

To the extent Plaintiff is suing Allen in her capacity as executor of his mother's estate, his § 1983 claim still fails because courts have consistently held that executors of estates are not state actors for § 1983 purposes. *See, e.g.*, *Ludwiczak v. Brancato*, No. 4:25-CV-P17-JHM, 2025 U.S. Dist. LEXIS 44771, at *3-4 (W.D. Ky. Mar. 12, 2025) (collecting cases); *Stanton v. Heiberg*, No. 4:18-CV-405-ALM-CAN, 2019 U.S. Dist. LEXIS 160828, at *9-10 (E.D. Tex. July 25, 2019) (holding that being an executor of an estate does not make an individual a state actor) (collecting cases); *Witte v. Young*, No. 2:14-cv-2439-TLN-EFB PS, 2015 U.S. Dist. LEXIS 119383, at *9 (E.D. Cal. Sept. 8, 2015) (finding that "the mere fact that [Defendant] was appointed by the probate court as the administrator of the estate is insufficient to render [her a state actor]") (collecting cases).

Therefore, Plaintiff's § 1983 claims against Allen and Griswold must be dismissed for failure to state a claim upon which relief may be granted.

***D. Abstention doctrine***

Plaintiff requests this Court to order preservation and unsealing of probate court records, preservation of assets, and an audit of the estate. Any such relief would require this Court to

interfere with the ongoing probate matter in Daviess District Court. However, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. *See Pawley v. Meinhart*, No. No. 3:24-cv-158-RGJ, 2024 U.S. Dist. LEXIS 86658, at *5 (W.D. Ky. May 13, 2024) (applying abstention doctrine to probate matter). Moreover, as to the opportunity to raise constitutional challenges in the state proceeding, a review of the Daviess District Court record in the probate case shows that Plaintiff has filed numerous filings in that case.[2] The relief sought would interfere with the state-court probate case and is, therefore, barred by the *Younger* abstention doctrine

***E. State-law claims***

Plaintiff also alleges state-law claims for civil conversion, common law fraud, breach of fiduciary duty, civil conspiracy, and tortious interference with expected inheritance. Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may

---

[2] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]”). The state-law claims, therefore, will be dismissed without prejudice.

**IV.**

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: October 15, 2026



**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010